FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 12, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE V.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | NO. 1:18-CV-03196-RHW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13 & 18. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. *See* Administrative Record ("AR") at 1167-1172 and 994-1016. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I.　　JURISDICTION

Plaintiff filed his application for Supplemental Security Income on October 2, 2007. AR 994. He alleged a disability onset date of July 1, 2007. *Id*. Plaintiff's application was initially denied on December 20, 2007; thereafter, Plaintiff filed a written request for a hearing. *Id*.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS**~ 1

Administrative Law Judge ("ALJ") Kim Parrish held a hearing on April 16, 2010, and heard testimony from Plaintiff and vocational expert Scott A. Whitmer. AR 106 and 994. On May 28, 2010, the ALJ issued a decision finding Plaintiff ineligible for disability benefits. *Id*. In February 2012, the Appeals Council found remanded the case back to an ALJ for further consideration and proceedings. AR 994. ALJ Virginia M. Robinson held a hearing on July 30, 2013, and heard testimony from Plaintiff and vocational expert Kimberly Mullinax. *Id*. ALJ Robinson later issued a decision finding Plaintiff capable of performing past relevant work. The Appeals Council denied Plaintiff's request for review and thereafter, he filed a federal civil action in the Eastern District of Washington.

On May 11, 2016, the District Court issued an order and remanded the case for further proceedings consistent with the Court's findings and instructions. AR 1144-61. Subsequently, the Appeals Council vacated the prior ALJ decision and remanded the matter for additional proceedings consistent with the District Court's order. AR 994-95. On January 11, 2018, ALJ Robinson held another hearing and heard testimony from Plaintiff and vocational expert Sonia Stratton. The ALJ issued a decision on August 8, 2018, finding Plaintiff capable of past relevant work and thus, ineligible for benefits, which is the final decision of the Commissioner. AR 996-1016. then sought judicial review by this Court on October 10, 2018. ECF No. 1. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II.    SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 2**

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot engage in her previous occupations, the ALJ proceeds to step five and the burden shifts to the Commissioner to demonstrate that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue,* 700 F.3d 386, 388-89 (9th Cir. 2012).

### III. STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 3**

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.  STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. At the time of the hearing, on January 11, 2018, Plaintiff was 55 years old. In 1985 he received his high school diploma in Puerto Rico. It is unclear whether Plaintiff is able to communicate in English. Plaintiff has past relevant work as construction worker, kitchen helper, and industrial truck operator.

## V.  THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act at any time from October 2, 2007, the date Plaintiff's application was filed, through August 8, 2018, the date the ALJ issued her decision. AR 994-1016.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 2, 2007, the application date. (citing 20 C.F.R. § 416.971 *et seq*.). AR 998.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 4**

**At step two**, the ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease; unspecified left shoulder impairment; unspecified right hip impairment; and asthma (citing 20 C.F.R. § 416.920(c)). *Id.*

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. AR 1004.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform medium work, as defined in 20 C.F.R. § 416. 967(c), with the following exceptions: he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; has unlimited handling, fingering, and reaching except for occasional overhead reaching with the left upper extremity; he needs to avoid concentrated exposure to pulmonary irritant such as fumes and gas; and he can speak and understand English and can write English sufficiently to fill out basic forms. AR 1005.

The ALJ further determined that Plaintiff is capable of performing past relevant work as an industrial truck operator (citing 20 C.F.R. § 416.965). AR 1015.

## VI.  ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ reversibly erred by: (1) failing properly to assess Plaintiff's English literacy and his ability to perform past relevant work; (2) improperly discrediting Plaintiff's testimony; (3) improperly weighing the medical opinion evidence; and (4) improperly considering Plaintiff's impairments at step two. ECF No. 13 at 1.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 5**

## VII.   DISCUSSION

**A. The ALJ Erred by Failing to Comply with the District Court's Mandate.**

On May 11, 2016, the District Court issued an order in the above-captioned matter granting Plaintiff's Motion for Summary Judgment and remanding the case for further proceedings. AR 1144-61. In its order, the District Court determined that:

> The ALJ failed to consider Plaintiff's ability to read and write in English sufficiently to be considered literate, i.e., understand and draft instructions or inventory lists as discussed in 20 C.F.R. § 416.964(b)(1). Therefore, the ALJ's determination that Plaintiff was able to communicate in English was in error. This error requires that that case be remanded.

AR 1151 and 1152.

Along with this determination, the District Court provided these specific instructions for the remand proceedings:

> Further proceedings are necessary for the ALJ to determine Plaintiff's capability to communicate in English… make a new step four and step five determination considering Plaintiff's ability to communicate in English and literacy. The ALJ is further instructed to send Plaintiff to a psychological evaluation to test for literacy and to take testimony from a vocational expert. At a new hearing, when presenting hypotheticals to the vocational expert, the ALJ is instructed to present Plaintiff's education level including the ALJ's findings of the ability to communicate in English and literacy as a part of the hypothetical.

AR 1160. Plaintiff argues that on remand, the ALJ failed to comply with the District Court's previous order by failing to obtain a psychological evaluation of Plaintiff's literacy and ability to communicate in English; thus, violating the "rule of mandate."

Under the "law of the case doctrine," "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 6**

The rule of mandate "presents a specific and more binding variant of the law of the case doctrine." *See Magnesystems, Inc. v. Nikken, Inc.,* 933 F.Supp. 944, 949 (C.D.Cal.1996). The rule of mandate requires that, on remand, the lower court's actions must be consistent with both the letter and the spirit of the higher court's decision. *See Quern v. Jordan,* 440 U.S. 332, 347 n.18 (1979) (looking to whether post-mandate conduct of lower court was consistent "with either the spirit or the express terms of our decision"). The Ninth Circuit has explained the interrelationship between the doctrine of the law of the case and the rule of mandate succinctly: "When acting under an appellate court's mandate, an inferior court is bound by the decree as the law of the case[.]" *See Vizcaino v. United States District Court,* 173 F.3d 713, 719 (9th Cir.1999).

In accordance with the rule of mandate and the law of the case doctrine, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court. *See F.C.C. v. Pottsville Broadcasting Co.,* 309 U.S. 134, 145 (1940); *see also United Gas Improvement Co. v. Continental Oil Co.,* 381 U.S. 392, 406 (1965) (explaining that the agency must act upon the court's correction on remand). More recently, the Supreme Court has recognized that the Agency is not free to disregard its marching orders on remand:

> Where a court finds that the Secretary has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. Often, complex legal issues are involved, including classification of the claimant's alleged disability or his or her prior work experience within the Secretary's guidelines or "grids" used for determining claimant disability. Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

*See Sullivan v. Hudson,* 490 U.S. 877, 886 (1989) (citations omitted).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 7**

Accordingly, in Social Security proceedings, the district court's position to the Appeals Council (and indirectly, the ALJ) is analogous to that of the court of appeals' position with respect to a trial court. Further, 20 C.F.R. § 404.977(b) provides: "[t]he [ALJ] shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order."

Here, upon remand from the District Court, the Appeals Council "vacate[d] the final decision of the Commissioner of Social Security and remand[ed] this case to an [ALJ] for further proceedings *consistent with the order of the court.*" *See* AR 1171 (emphasis added). In light of the Appeals Council's unambiguous order, any argument that the law of the case did not bind the ALJ to follow the District Court's remand instructions would be contrary to the Appeals Council's order. Thus, the Court must determine (1) whether the ALJ followed the District Court's remand instructions; and (2) in the event that the ALJ did not follow the remand instructions, whether the ALJ had discretion to depart from the law of the case.

At the beginning of her decision, the ALJ indicates that:

> "Prior to the claimant's hearing on January 11, 2018, I attempted to comply with the District Court's indication that further proceedings were necessary to determine the claimant's capability to communicate in English, including instructions to send the claimant to a psychological evaluation to test for literacy. The claimant was sent to a psychological consultative examiner, with a specific request to evaluate the claimant's English literacy. However, the consultative examiner did not make any such assessment. There is no test available to determine whether someone is able to read and write English if that person says he or she cannot and does not want to establish otherwise. One's maximum ability to read or write cannot be tested if an individual does not want to show his or her maximum ability, because if he or she does not want to show such an ability, the individual need simply indicate he or she cannot."

AR 995 (citations omitted).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 8**

While the Plaintiff was sent to a psychological evaluation to assess his literacy in English, AR 1648, it is unclear whether the evaluation actually attempted to assess Plaintiff's literacy and ability to communicate in English because the evaluation report is devoid of any comments or findings regarding these abilities. Because there are tests for assessing an individual's literacy, the ALJ's conclusion that there is no test available to determine whether a malingering individual is able to read and write in English would require expert testimony verifying that such is true; further, the expert's verification would need to be specific to this case and this Plaintiff.[1]

Here, the record shows that on October 10, 2017, Jenifer Schultz evaluated Plaintiff. AR 1641-44. Her opinion is titled "Mental Evaluation." *Id*. Throughout Dr. Schultz's evaluation report, there is no mention of literacy or ability to communicate in English; nor does the report indicate that either of these were assessed during the evaluation. In her decision, the ALJ acknowledged that Plaintiff's English literacy was not evaluated as instructed, but she attempted to excuse this failure to follow instructions by indicating that Dr. Schultz's report suggested malingering, and by stating that there is no test available to determine whether someone can read and write in English if the person does not wish to show his maximum ability.

Although Dr. Schultz does suggest potential malingering, such malingering is in reference to Plaintiff's physical ability to walk, not his mental ability to communicate, read, or write English. Further, Dr. Schultz also stated that Plaintiff was cooperative during the evaluation. Under the section labeled Attitude and General Behavior, Dr. Schultz remarked, "[h]e was cooperative and in the beginning and when he was walking, he indicated he was being very deliberate

---

[1] As noted by Plaintiff, there are tests available to determine an individual's literacy, such as the WRAT-4. *See* http://stelar.edc.org/instruments/wide-range-achievement-test-fourth-edition-wrat-4; ECF No. 13 at 4.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 9**

demonstrating his suggesting a tendency to malinger." AR 1642. More importantly, despite the evaluation's failure to assess Plaintiff's literacy and ability to communicate in English, the ALJ did not order any further evaluations or tests to determine these abilities; or in the alternative, offer an expert opinion regarding Plaintiff's malingering during the assessment of these abilities. Instead, the ALJ simply assigned little weight to Dr. Schultz opinion, in part because the evaluation did not assess Plaintiff's suggested tendency to malinger with regard to his mental health limitations. AR 1003. As such, the ALJ failed to follow the remand instructions in the District Court's order, and in turn, failed to follow the rule of mandate.

The Ninth Circuit has identified only five circumstances under which a court may have discretion to depart from the law of the case: "(1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander,* 106 F.3d 874, 876 (9th Cir. 1997). "Failure to apply the doctrine of the law of the case absent one of the requisite conditions constitutes an abuse of discretion." *Id.* The ALJ did not identify any of these circumstances as a valid reason for departing from the District Court's remand instructions. Further, none of these circumstances apply to the issue at hand. Thus, the Court finds that the ALJ reversibly erred by failing to follow and complete the remand instructions in the District Court's previous order.

**B. The ALJ Further Erred by Failing to Resolve the Conflict Between the Vocational Expert's Testimony and the Dictionary of Occupational Titles.**

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 10**

In her decision, the ALJ determined that Plaintiff was capable of performing past relevant work as an industrial truck operator, both generally and as actually performed. AR 1015-16.

In assessing whether a claimant is capable of doing his past relevant work as actually performed, Social Security Regulations name two sources of information that may be used: a properly completed vocational report, SSR 82–61, and the claimant's own testimony, SSR 82–41. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). In determining if an individual can perform past relevant work as it is generally performed, the best source for how a job is generally performed is usually the Dictionary of Occupational Titles ("DOT"). *Pinto*, 249 F.3d at 845–46 (citing *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995); 20 C.F.R. §§ 404.1566(d) and 416.966(d); SSR 82–61). 20 C.F.R. § 416.964 explains that an ALJ must consider education to assess one's ability to meet vocational requirements. The ability to read and write, as well as the ability to communicate in English are part of these educational factors.

As stated above, the ALJ was instructed to submit Plaintiff for an English literacy evaluation and relay those findings when presenting each hypothetical to the vocational expert. Although the ALJ did not follow-through on a literacy evaluation for Plaintiff, when she presented the hypotheticals to the vocational expert, she presented two of them to reflect that "the individual can speak and understand English but cannot read or write in English." AR 1087. Given this information, the vocational expert testified that work as an industrial truck operator and kitchen helper (the DOT titles which most closely correspond with Plaintiff's past relevant work) would still be viable for this individual.

At the hearing, the ALJ asked the vocational expert "[a]nd the opinion regarding doing these jobs [industrial truck operator and kitchen helper], being able to speak and understand English but not read, what is that based on?" AR

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 11**

1090. The vocational expert testified that her opinion was based on the DOT and its definitions for general education and development. *Id*.

However, an industrial truck operator requires DOT language level one. Language level one is the lowest defined language level in the DOT and is defined as follows:

> Reading:
> Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute.
> Compare similarities and differences between words and between series of numbers.
>
> Writing:
> Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.
>
> Speaking:
> Speak simple sentences, using normal word order, and present and past tenses.

*Appendix C, Dictionary of Occupational Titles.*

SSR 00-4p clarifies the standards for use of a vocational expert who provides evidence on which the ALJ can rely. "[B]efore relying on VE….evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by the VE….and information in the Dictionary of Occupational Titles (DOT)….and Explain in the determination or decision how any conflict that has been identified was resolved." SSR 00-4p.

In *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007), the court found that evidence provided by the vocational expert should be generally consistent with the DOT, when there is a conflict, neither the vocational expert opinion nor the DOT automatically trumps the other. Therefore, the ALJ must first identify an existing conflict and then determine whether the vocational expert's explanation

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 12**

for the conflict is reasonable and substantiated before relying on the vocational expert's opinion rather than the DOT. *Id*. The court in *Massachi* noted, "In *Johnson*, which predated SSR 00-4p, we held that "an ALJ may rely on expert testimony which contradicts the [Dictionary of Occupational Titles], but only insofar as the record contains persuasive evidence to support the deviation." *Id*.

In *Diaz v. Berryhill*, No. 2:17-CV-04216-JDE, 2018 WL 1187530, at *5 (C.D. Cal. Mar. 7, 2018), Plaintiff argued that the commissioner relied on the vocational expert's testimony that the claimant could perform a job with a language level of 1 by DOT standards, but it was unclear if claimant possessed level 1 capabilities. The case was remanded and the ALJ was instructed to present the literacy limitations to the vocational expert, and then have the expert address how those literacy levels, coupled with the plaintiff's other limitations, would impact the plaintiff's ability to perform any available jobs. *Id*. at 13–14.

Here, the ALJ did ask the vocational expert if her opinion conflicted with the DOT; the vocational expert responded that it did not. AR 1089-90. However, there is an apparent conflict between an individual not being able to read or write in English and an individual being able to perform work which includes the DOT's description of a language level one. The ALJ did not identify this conflict, and as such, the vocational expert did not offer any explanation or reasoning to reconcile the conflict.

The Commissioner argues that any error in the ALJ's conclusions related to Plaintiff's literacy and a return to past relevant work would be harmless because Plaintiff testified that he performed the job in the past at his current linguistic level. However, in *Diaz* the court rejected a similar argument, noting that "the Ninth Circuit has 'resoundingly rejected' the argument that a claimant's prior work would excuse an ALJ from explaining how the claimant's language limitations would impact her ability to perform jobs identified by the VE." *Id*. at 7–8. (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 13**

Therefore, the ALJ erred in determining Plaintiff had the ability to perform past relevant work as an industrial truck operator because she did not address the conflict between Plaintiff's ability to communicate in English and his ability to perform past relevant work, and therefore not requesting the vocational expert to offer explanation to reasonably resolve the conflict.

**C. Remand is Appropriate.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to correct and develop the record.

Upon remand, the ALJ will issue a new decision that is consistent with the District Court's previous order, AR 1144-1161, as well as the applicable law and instructions set forth in this Order. The ALJ is instructed to send Plaintiff to a psychological evaluation to test for literacy and the ability to communicate in English; and if necessary, further develop the record, reevaluate the medical opinion evidence, obtain supplemental evidence from a vocational expert, present new hypotheticals which include a psychological evaluation's assessment of

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS~ 14**

Plaintiff's literacy and ability to communicate in English, and re-evaluate the claimant's credibility. The ALJ shall recalculate the residual functional capacity, considering all impairments, and then evaluate, based on this updated residual functional capacity, Plaintiff's ability to perform past relevant work, as well as work available in the national economy. Further, in the event there is a conflict between the vocational expert's testimony and the DOT, the ALJ shall identify the conflict and explain why such conflict is reasonable.

## VIII.   CONCLUSION

Having reviewed the record, the Court finds that the ALJ's decision contains legal error. Therefore, this matter shall be remanded to the Commissioner for further proceedings consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.
2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.
3. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.
4. Judgment shall be entered in favor of Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and **close the file**.

**DATED** this 12th day of June, 2020.

                *s/ Robert H. Whaley*
                ROBERT H. WHALEY
              Sr. United States District Judge